UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEANETTE FOXWORTH, | : |
| | : |
| | : CIVIL ACTION NO. 3:08cv813(VLB) |
| | : |
| v. | : DECEMBER 5, 2012 |
| | : |
| UNITED STATES OF AMERICA | : |

**MEMORANDUM OF DECISION DENYING PETITIONER'S [Dkt. # 45 ] MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Petitioner, Jeannette Foxworth ("Foxworth"), proceeding *pro se,* brings this petition for habeas relief pursuant to 28 U.S.C. § 2255 ("§ 2255") to vacate her sentence. For the following reasons, Foxworth's Petitioner is DENIED.

I.    *Procedural History*

On April 3, 2007, Foxworth was convicted by a jury on all nine counts of an indictment charging her with wire fraud, conspiracy, and making false statements to FBI Special Agents. On November 7, 2007, Judge Alan H. Nevas sentenced Foxworth to 15 months imprisonment and, upon her release from prison, two years of supervised release. *United States v. Foxworth*, 3:06-cr-00081-AHN [Dkt. #104] (D. Conn Nov. 15, 2007). Judge Nevas then ordered Foxworth to surrender

to the Bureau of Prisons on January 11, 2008.  *Id.*  [Dkt. #112 at 6].   Bureau of Prisons' records indicate that Foxworth completed her term of imprisonment on March 2, 2009.  U.S. Bureau of Prisons, *Inmate Locator*, http://www.bop.gov/inmate_locator/index.jsp (last visited on December 5, 2012).  Foxworth concedes that she completed supervised release on March 1, 2011, which Bureau of Prisons records confirm. *Foxworth*, 3:06-cr-00081-AHN [Dkt. #104].

      Following her conviction, Foxworth pursued appellate and collateral relief.  Initially, Foxworth directly appealed her sentence to the Second Circuit on December 10, 2007.  While Foxworth's direct appeal was still under review by the Second Circuit, she filed a habeas petition pursuant § 2255 on May 28, 2008, asserting various grounds for relief, including ineffective assistance of counsel; government's failure to disclose evidence favorable to defense in violation of *Brady v. Maryland*; government's use of perjured testimony to obtain conviction; evidentiary errors by the court in admitting lay opinion testimony, inadmissible hearsay, and perjured testimony; government's violation of *Miranda*; attempted entrapment by the government; and disparate sentence.  [Dkt. #1].  Because the

Second Circuit had not yet rendered a decision on her direct appeal, this Court denied Foxworth's petition as premature on March 19, 2009. [Dkt. #19].

On June 8, 2009, the Second Circuit affirmed Foxworth's conviction. Foxworth then renewed her § 2255 petition on July 20, 2009, with the same allegations as her previously denied habeas petition. [Dkt. #23 ]. On July 25, 2011, this Court again denied the Foxworth's petition on two grounds: (1) she failed to satisfy her burden in establishing a cognizable claim of ineffective assistance of counsel; and (2) the remainder of her claims were procedurally barred because they could have been raised on direct appeal, but were not. [Dkt. # 44 at 5-7]. On August 11, 2011, Foxworth filed the instant petition attempting to reassert assert her ineffective assistance of counsel claims. [Dkt. # 45].

II.     Legal Standard

Federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte* . *Id.* In fact, district courts have a duty to raise jurisdictional issues sua sponte.

*Poindexter v. Nash*, 333 F.3d 372, 383 (2d Cir. 2003) (citing *United States v. Cotton*, 535 U.S. 625, 630, (2002)).

Only "[a] prisoner *in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States…may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28. U.S.C. § 2255 (emphasis added). Notably, the statute only "confers jurisdiction…to entertain habeas petitions for relief solely from persons who satisfy the status or condition of being 'in custody' at the time the petition is filed." *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994); *United States v. Brilliant,* 274 F.2d 618, 620 (2d Cir.1960) ("A district court is without jurisdiction to entertain a writ of habeas corpus of a § 2255 motion if the relator or movant is not in custody."). While the "in custody" requirement has not been so strictly construed to limit relief to petitioners who are incarcerated, "the Supreme Court has never gone so far as to hold that a habeas petitioner may be in custody under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed[.]" *Scanio*, 37 F.3d at 860. At a minimum, the "in custody" requirement is satisfied where the sentence in question continues to

"imposes conditions which significantly confine and restrain" the petitioner's freedom. *Jones v. Cunningham*, 371 U.S. 236, 242 (1963).

Applying this standard, the Supreme Court has held that petitioners subject to supervised release are "in custody" because their freedom is "explicitly conditioned" on compliance with the terms of supervised release, such as reporting regularly to a parole officer, remaining in a particular community, residence, and job, and refraining from certain activities. *Maleng v. Cook*, 490 U.S. 488, 491 (1989); *see also Scanio*, 37 F.3d 860 ("a petitioner under supervised release may be considered 'in custody'"). Once the restraints imposed by supervised released are lifted, the relevant sentence is fully expired and any subsequently filed habeas corpus petition is jurisdictionally barred. *Id*.

III.   Discussion

This Court's jurisdiction to entertain Foxworth's petition hinges upon whether Foxworth was "in custody" when the instant petition was filed. Foxworth completed her term of imprisonment on March 2, 2009 and, according to her petition, completed supervised release on March 1, 2011. Therefore, Foxworth's sentence fully expired on March 1, 2011. To be sure, the Foxworth's renewed petition filed on July 20, 2009 satisfied the "in custody" requirement because

Foxworth was still subject to the conditions of her supervised release. However, that petition was denied on July 25, 2011. When Foxworth filed the instant petition on August 11, 2011, she was no longer physically confined or on supervised release. As Foxworth was not "in custody" when she filed the instant petition the Court lacks jurisdiction and she is not eligible for habeas relief under § 2255.

IV.     *Conclusion*

Based upon the above reasoning, Foxworth's motion to vacate her sentence pursuant to 28 U.S.C. § 2255 [Dkt. #45] is denied with prejudice.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: December 5, 2012